

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2004

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2880

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Johnson" (2004). *2004 Decisions.* Paper 804.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/804

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2880

———

UNITED STATES OF AMERICA

v.

JAMES W. JOHNSON,
Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Dist. Court No. 01-cr-00394)
District Judge: Honorable Sylvia H. Rambo

———

Submitted under Third Circuit LAR 34.1(a)
April 2, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed:  April 20, 2004)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

        Because we write only for the parties who are familiar with the facts, the

procedural history and the contentions presented, we will not recite them except as

necessary to the discussion.   James W. Johnson, an inmate at FCI Schuylkill, was

charged with possession of a knife-like weapon while incarcerated in violation of 18 U.S.C. § 1791, and has been found guilty by a jury and sentenced. He raises two arguments on appeal: (1) the district court erred in determining that he had not made out a prime facie case of selective prosecution and (2) the court clearly erred in finding that he understood and knowingly and voluntarily waived his Fifth Amendment right against compulsory self-incrimination. For the reasons that follow we reject both of Appellant's contentions.

As a general rule, so long as there is probable cause to believe that a defendant has committed an offense, the decision to prosecute rests in the prosecutor's discretion. Wayte v. United States, 470 U.S. 598, 607 (1985). To sustain a claim of selective persecution, Johnson must demonstrate, first, disparate treatment of similarly situation persons and, second, that this disparate treatment is a product of prospective decisions deliberately based on some unjustifiable standard such as race, religion or some other arbitrary classification. See United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989). We agree with the district court that Appellant did not carry his heavy burden of demonstrating that he was improperly singled out for prosecution.

Johnson has failed to point to any evidence to establish that other similarly situated persons were not prosecuted by the government for possessing weapons in prison. The decision to prosecute was made because the knife-like weapon was found in Appellant's shoe, and Appellant admitted the knife was his and not his cell mate's. Moreover the

2

impetus for the search that resulted in the seizure of the knife was the report that the Appellant, not his cell mate, had brandished it threateningly at another inmate. The Appendix to the government's response to Appellant's motion to dismiss disclosed that the government does actively pursue prison contraband possession cases like this, including cases arising out of SCI Schuylkill. We conclude that the district court did not err in denying Appellant's motion to dismiss based upon alleged selective prosecution.

As to Johnson's argument regarding compulsory self-incrimination, it is clear that the government is entitled to admit a defendant's statement when it can show by a preponderance of the evidence that the defendant engaged in a valid waiver of his Miranda rights. Colorado v. Connolly, 479 U.S. 157, 168 (1986) (citations omitted). The cumulative experience of the judiciary demonstrates that Miranda waivers have been sustained when engaged in by criminal felons like Johnson, who have significant prior experience with the legal system. See e.g. United States v. Burrous, 147 F.3d 111, 116-117 (2nd Cir. 1998). We have examined the record and conclude that Johnson expressly waived his Miranda rights both orally and in writing, and therefore the district court did not err in dismissing Appellant's motion to suppress his inculpatory statement to the FBI.

After correctional officers found a homemade knife-like weapon made of metal concealed in Appellant's shoe, an FBI agent interviewed Appellant. Before the Appellant gave his incriminating statement, the agent informed Appellant that he was from the FBI, explained that he was interviewing Appellant regarding Appellant's possession of a knife,

advised Appellant of his <u>Miranda</u> rights and obtained from Appellant an express written waiver of those rights.  In addition, in a taped prison telephone conversation Johnson once again admitted to possessing a knife in prison.  We reject Appellant's argument that he thought that he was being interviewed by the FBI only for administrative procedures, as Appellant clearly reflected in this conversation that he understood that he was the subject of a criminal investigation.  Appellant acknowledged that authorities "might be trying to take [him] down to court," he hoped that if they did he would get "no more than . . . an extra six months" and he recognized that it was a distinct possibility that authorities would bring charges even though "the[y] ain't acting like, they pressing charges . . . ."  We conclude that the district court did not clearly err in finding that Appellant knowingly and voluntary waived his <u>Miranda</u> rights, and accordingly, we affirm the court's denial of Appellant's motion to suppress his inculpatory statements.

We have considered all of the contentions presented by the parties and conclude that no additional discussion is necessary.

The judgment of the district court will be affirmed.

4